STEPHEN A. DOUGLAS et al. vs. J. W. BENNETT et al.

GUARDIAN SALE OF LAND: *Probate court proceedings — Void sale — Right of the ward to recover.*

Where a guardian sells the real estate of his ward under decree and proceedings in the probate court, which rendered the sale void, the ward has a right to recover the lands from the vendee or a sub-vendee; but the valuable and permanent improvements made on the land by the purchaser are a charge upon the lands. If the ward receives the purchase money for which his land sold, he must refund the money to the purchaser, in order to recover the land, or the chancellor may treat the.

money as an equitable charge upon the land. Where the ward sues the purchaser of lands at a void sale, and the defendant enjoins the suit at law, and alleges that the purchase money paid by him was appropriated and applied to the use and benefit of the ward, and that is denied, it devolves upon the complainant to prove that fact. In order to sustain his equity, he must trace the fund to some appropriation or use beneficial to the ward.

APPEAL from the Chancery Court of *Lawrence* County.

Hon. G. S. McMILLAN, Chancellor.

Stephen A. Douglas, the father and guardian of appellants, sold under a decree of probate court the lands in controversy, as the property of his wards, when one James Strickland purchased, and who afterwards sold the same to one J. W. Bennett. The guardian died in 1861, and the wards, upon attaining their majority, sued Bennett in ejectment to recover the land, when Bennett and Strickland filed their bill for injunction to restrain the proceedings at law, alleging that the proceedings and sale to Strickland were void. That Strickland bought in good faith, and upon the representation of the guardian and his attorney that the title would be good, and that he relied upon that. That Strickland made general covenants of warranty to Bennett, and that Strickland is insolvent. That of the original purchase money, Strickland paid to Douglas $750.66, which was applied to the benefit of his said wards; and that Strickland and Bennett had made large expenditures for valuable improvements, which ought to be refunded.

The answer states that the guardian died in 1861, and that the wards received as heirs and distributees, $17,500; that this sum was less than their guardian was indebted to them. Denies that the purchase money for the land ever came to their use or benefit. Concedes that the complainants should be credited with valuable and permanent improvements put upon the property.

Upon bill, answer and proofs, the chancellor decreed that the respondents pay the money which the guardian received from Strickland, and from that decree this appeal is prosecuted.

Opinion of the court.

The following is assigned for error:

1. In overruling the demurrer to complainant's bill.

2. In overruling motion to suppress the deposition of John Gartman and James Strickland.

3. In rendering final decree for complainants.

*Sessions & Cassidy*, for appellants, cited and commented upon Jayne *v.* Boisgerard, 39 Miss., 799 ; Williamson *v.* Williamson, 3 S. & M., 715.

*Chrisman & Thompson*, for appellees, cited 1 Story Eq. Jur., §§ 92, 788 ; Bates *v.* Norcross, 17 Pick., 14 ; 50 Miss., 370 ; 2 Story Eq. Jur., §§ 1250, 1251 ; 1 Vern., pp. 90, 160, 162 ; 2 id., p. 205 ; 5 Cranch, 329 ; 2 J. Ch., 614 ; Scott *v.* Metcalf, 13 S. & M., 568 ; Code 1857, art. CCXXIII, p. 516 ; id., art. IV, p. 322 ; Rover on Judicial Sales, §§ 12, 13, 14, 16 ; 12 S. & M., 299.

SIMRALL, J., delivered the opinion of the court.

The late Stephen A. Douglas was constituted by the probate court of Lawrence county, guardian of his two infant sons, the plaintiffs in error. Mrs. Douglas, the wife of Senator Douglas, and the mother of these children, derived, as devisee and legatee of her father, a large estate, consisting of lands and slaves in Lawrence county. She died in 1854, intestate, her surviving husband closed up her estate as administrator, and became the guardian of the children. In 1858, Judge Douglas conceived the purpose of selling the real estate in Lawrence county, which had descended to his wards, and removing the slaves, about 140 in number, to more fertile lands in Washington county. He accordingly caused proceedings to be instituted in the probate court, in his name as guardian, which resulted in the sale of the lands in question to James Strickland. Strickland subsequently sold and conveyed to appellee, Bennett. In 1872, the appellants brought an action of ejectment to recover the land, claiming title as the heirs of their mother. Strickland and Bennett then filed a bill for injunction, to restrain the appellants from the further prosecution of their suit at law, until the matters, as grounds of relief set up in their bill, should be considered and adjudicated.

These were, that the proceedings and decree of the probate court, and the sale under it to Strickland, were void; nevertheless, Strickland bought in good faith under assurances from Judge Douglas and his attorney, that the title would be good.

Relying upon his title, he and Bennett, his vendee, made large expenditures for valuable improvements, which ought, in equity, to be a charge upon the land and ought to be refunded.

It is also alleged that Strickland made general covenants of warranty in his deed to Bennett, but has become and is insolvent, and, therefore, cannot indemnify Bennett for the purchse money paid.

It is further alleged that Strickland has paid Judge Douglas seven hundred and fifty dollars of the original purchase money, which was applied in one way or another to the benefit of his wards.

The answer of the appellants, so far it relates to the merits of the suit, states that Judge Douglas died suddenly at Chicago in 1861, largely involved, and his business in great confusion; that the estate has been finally settled, and that appellants have received from it $17,500 as heirs and distributees; that their father would have been indebted to them more than that sum on account of money received by him as guardian.

On information and belief, they deny that the purchase money paid by Strickland ever came to their use or benefit.

They are willing and concede, that the complainants should be credited with all valuable and permanent improvements put upon the property.

The testimony shows that the two first notes of Strickland were paid to Judge Douglas or his assignee. .

There is no issue between the parties on two points. First, that the legal title to the property is in the appellants and that they must recover in the ejectment suit. Second, that the valuable and permanent improvements are an equitable charge on the property, for which the appellants ought to account.

The controverted ground is, whether the money paid by Strick-

land was used or applied in any way for the benefit of his wards by Judge Douglas, and if so, how are the appellants affected by it? By arrangement between Judge Douglas and Strickland, the notes of the latter were to be paid in New Orleans, and were to be paid to Ward & Hunt, the merchants of the former.

The two first notes, amounting to $750, were paid, and there is no doubt that Judge Douglas received the money or credit for it in account with his factors, Messrs. Ward & Hunt. It came out in testimony, that at the time, Judge Douglas needed money, and that Strickland changed the original notes, making them payable in one of the New Orleans banks at the instance of Ward & Hunt, for the reason, as stated by them, that it would be necessary to discount them in order to raise money for Judge Douglas. There is no evidence that the guardian ever applied this money for the use of his wards.

If he ever stated and settled any accounts in the probate courts, none were produced on the trial of this cause. The history of the money paid by Strickland ends by tracing it to the credit of Judge Douglas. It does not appear to what use he put it.

The appellants deny that it was used for their benefit, that in order to sustain his equity, the necessity devolved upon the appellee of tracing the fund to some appropriation or use beneficial to the wards.

The doctrine of a court of equity is, that the heir who has received the price of his real estate, sold by his guardian, cannot hold on to the money and at the same time recover the land on account of some defect in the judicial proceeding under which it was sold.

The circumstances put him under an equitable estoppel, and he must come to a fair account with the purchaser respecting the money. If he will refund the money, he may recover the land, or the chancellor may treat the money as an equitable charge upon the land. Short, Adm'r, *v.* Porter, 44 Miss., 534–7; Jayne et al. *v.* Boisgerard, 39 id., 799.

The appellants, in their answer, concede that Bennett, who is,

by purchase from Strickland, substituted to his rights, strength-ened greatly by the consideration of insolvency, ought to be allowed for all valuable improvements.

There is error in the decree, giving and charging, as a burden on the land, the purchase money paid by Strickland.

For that error the decree is reversed, and the cause remanded for further proceedings.